**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO ARTURO GUERRERO-REYES, a.k.a. Pedro Antonio Guerrero-Reyes, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72233 <br><br> Agency No. A096-191-739 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Pedro Arturo Guerrero-Reyes, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Guerrero-Reyes failed to establish it is more likely than not that he will be tortured if returned to El Salvador. *See* 8 C.F.R. § 1208.16(c); *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007).

The agency found that even if Guerrero-Reyes suffered persecution in the past, there has been a fundamental change in circumstances in El Salvador such that he no longer has a well-founded fear of persecution. Substantial evidence does not support the agency's finding, because it failed to provide a sufficiently individualized analysis of how country conditions will affect Guerrero-Reyes' specific situation. *See Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998) ("Information about general changes in the country is not sufficient."); *see also Lopez v. Ashcroft*, 366 F.3d 799, 805-807 (9th Cir. 2004). Accordingly, we grant the petition as to Guerrero-Reyes' asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

08-72233

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**